# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2020

No. 19-10492

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDI LEE BRADDOCK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-161

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Brandi Lee Braddock, federal prisoner # 55980-177, pleaded guilty to conspiring to possess with intent to distribute a "mixture and substance containing a detectable amount of methamphetamine." The district court denied her 28 U.S.C. § 2255 motion on the merits without holding an evidentiary hearing. Braddock now seeks a certificate of appealability (COA).

Braddock contends that her counsel provided ineffective assistance by allowing her to be charged with "methamphetamine (actual)"; failing to argue

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10492

her objections to the Presentence Report; failing to ensure that she received credit for time served in pretrial detention at the county jail; and failing to object to her criminal history score.  She also argues that the district court erred by not holding an evidentiary hearing on her claims.

This court will grant a COA, which is required to appeal, only when the movant "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  To make that showing, Braddock must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues presented "deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks and citation omitted).

Braddock has not made the requisite showing.  In addition, we will not consider newly raised claims that were not presented to the district court.  *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).  Braddock's motion for a COA is denied.

We construe the motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; AFFIRMED.